United States District Court
for the
Southern District of Florida

| | |
|---|---|
| United States of America, )<br>Plaintiff ) <br> ) <br> v. ) <br> ) <br> Jefferson Xavier Bravo Espinosa, ) <br> Defendant. ) | Criminal Case No. 16-20575-CR-Scola |

### Order Denying Motion for Sentence Reduction

This matter is before the Court on the Defendant Jefferson Xavier Bravo Espinosa's motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). (Def.s Mot., ECF No. 607.) The Government has responded in opposition (Gov't's Resp., ECF No. 608) but Bravo Espinosa has not replied and the time do so has passed. After careful consideration of the parties' written submissions, the record, and the legal authorities, the Court **denies** Bravo Espinosa's motion for a reduction of his sentence. (Def.'s Mot., **ECF No. 607**.)

1. **Background**

On October 16, 2018, Bravo Espinosa pleaded guilty to the only count of the indictment (ECF No. 1), charging him with conspiring to distribute more than five kilograms of cocaine, knowing that it would be unlawfully imported into the United States. (ECF Nos. 198–200.)

In preparation for sentencing, the United States Probation Office prepared a Presentence Investigation Report ("PSI"), along with an addendum. (ECF Nos. 290, 451.) In consideration of that report, and applying a two-level enhancement, based on Bravo Espinosa's leadership role within the conspiracy (rather than the three levels proposed by Probation), Bravo Espinosa's total offense level was ultimately calculated at 37, with zero criminal history points. (Gov't's Resp., ECF No. 608, 1–2.) This resulted in a guideline range of 210 to 262 months. (*Id.* at 2.) Imposing a sentence below the guidelines, the Court sentenced Bravo Espinosa to 170 months, followed by 5 years of supervised release. (*Id.*)

Since Bravo Espinosa was sentenced, the United States Sentencing Commission issued a sentencing adjustment for certain zero-point offenders, which provides, in relevant part, for "a decrease of two levels from the offense level . . . for offenders who did not receive any criminal history points . . . and whose instant offense did not involve specified aggravating factors" ("Amendment

821"). Bravo Espinosa now seeks retroactive application of Amendment 821 to the Court's judgment sentencing him to 170 months in prison.

## 2. Legal Standard

"[A] motion to modify an otherwise final judgment pursuant to § 3582(c)(2) is a limited and narrow exception to the rule that final judgments are not to be modified." *United States v. Armstrong*, 347 F.3d 905, 909 (11th Cir. 2003) (cleaned up). Specifically, § 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction *is consistent with applicable policy statements issued by the Sentencing Commission.*

18 U.S.C. § 3582 (emphasis added). Thus, under § 3582(c)(2), the Court must undertake a two-step process to determine whether a final sentence should be modified based on a sentencing range that has been lowered by the Sentencing Commission.

First, the Court must determine if a retroactive amendment to the Sentencing Guidelines indeed lowered a defendant's guidelines range and whether a reduction is consistent with the applicable policy statements. Second, if both conditions are met, the Court must consider the § 3553(a) factors to determine if it will exercise its discretion to reduce that defendant's sentence.

Among other things, the Sentencing Commission policy statement applicable here provides that a court "shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range[.]" U.S.S.G. § 1B1.10(b)(2)(A).

Finally, should they become relevant, the § 3553(a) factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the applicable sentencing guidelines range; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide

restitution to any victims of the offense. *See* 18 U.S.C. § 3553(a).

### 3. Analysis

As noted, the retroactive amendment that Bravo Espinosa invokes here is Amendment 821—the adjustment for certain zero-point offenders. *See* U.S.S.G. § 4C1.1. Pursuant to Amendment 821, a defendant is eligible for a two-level reduction in his offense level, if he meets *all* the following criteria:

(1) the defendant did not receive any criminal history points from Chapter Four, Part A;

(2) the defendant did not receive an adjustment under § 3A1.4 (Terrorism);

(3) the defendant did not use violence or credible threats of violence in connection with the offense;

(4) the offense did not result in death or serious bodily injury;

(5) the instant offense of conviction is not a sex offense;

(6) the defendant did not personally cause substantial financial hardship;

(7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

(8) the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);

(9) the defendant did not receive an adjustment under §3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and

(10) the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848[.]

*See id.*

Here, Bravo Espinosa fails to meet the tenth criterion because he received a two-level enhancement for his role in the offense under § 3B1.1. (Gov't's Resp. at 8.) Section (10) disqualifies defendants who *either* received "an adjustment under § 3B1.1 (Aggravating Role)" *or* were "engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848." *See United States v. Castaneda Mendez*, 20-CR-20155-RAR, 2024 WL 216277, at *3 (S.D. Fla. Jan. 18, 2024) (Ruiz, J.) ("Section 4C1.1(a)(10) disqualifies *two* sets of defendants: those who receive an aggravating role enhancement and those who engaged in a continuing

criminal enterprise.") (citing, among other cases, *United States v. Garcon*, 54 F.4th 1274, 1280 (11th Cir. 2022) (en banc) for the proposition that "where the word 'and' conjoins several negative phrases, each negative phrase is a separate requirement").

Accordingly, Bravo Espinosa is ineligible for a sentence reduction under 18 U.S.C. § 3582(c)(2).

### 4. Conclusion

For the reasons set forth above, the Court **denies** Bravo Espinosa's motion for a reduction of his sentence (Def.'s Mot., **ECF No. 607**).

**Done and ordered** at Miami, Florida on July 23, 2024.

_____
Robert N. Scola, Jr.
United States District Judge